FILED

2013 MAR 11  PM 2: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Joel W. Baruch, Esq.  SBN #85903
Nikki Fermin SBN #271331
LAW OFFICES OF JOEL W. BARUCH, PC
2020 Main Street, Suite 900
Irvine, California 92614
Tel:  (949) 864-9662
Fax:  (949) 851-3185

Attorneys for Plaintiff DORIAN WHITE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

DORIAN WHITE,

      Plaintiff,

VS.

COUNTY OF LOS ANGELES, a
public entity; COUNTY OF LOS
ANGELES SHERIFF'S
DEPARTMENT, a law enforcement
agency; SHERIFF LEE BACA,
elected Sheriff of Los Angeles
County; CAPTAIN BONDELL
GOLDEN, deputy sheriff employed
by LASD; and, DOES 1 through 20,
inclusive

      Defendants.

CASE NO. CV13-01733-SJO
(MANx)

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

    COMES NOW, Plaintiff, DORIAN WHITE, who makes this Complaint and Demand

for Jury Trial, against Defendants COUNTY OF LOS ANGELES, COUNTY OF LOS

ANGELES SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, CAPTAIN BONDELL

GOLDEN; and DOES 1 through 100, as follows:

## GENERAL ALLEGATIONS

    1.    Plaintiff, DORIAN WHITE (hereafter WHITE) is, and at all times herein

mentioned was, a resident of the State of California.  Plaintiff WHITE is an African-

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  American male.

2      2.      Defendants, COUNTY OF LOS ANGELES (hereafter LA COUNTY) and

3  COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT (LASD) were, and are, public

4  entities who were, and are, dual employers of Plaintiff WHITE.

5      3.      Defendant, SHERIFF LEE BACA (hereafter BACA) was, and is, the elected

6  Sheriff of Co-Defendants LA COUNTY and LASD, and, in that capacity was the ultimate

7  supervisor of Plaintiff WHITE.

8      4.      Defendant, CAPTAIN BONDELL GOLDEN (hereafter GOLDEN) was, at all

9  relevant times herein mentioned, the direct supervisor of Plaintiff WHITE at the Pitchess

10 Detention Facility in Los Angeles, California.  Defendant GOLDEN is a Caucasian female.

11     5.      On or about December 3, 2008, Plaintiff WHITE became a probationary deputy

12 sheriff with Defendants LA COUNTY/ LASD, and was provided for under *Cal.PenalCode*

13 §830.1.

14     6.      On or about December 4, 2009, Plaintiff WHITE had passed his probationary

15 period and had become a regular deputy sheriff with Defendants LA COUNTY/ LASD.  As

16 of December 3, 2009, Plaintiff WHITE had become a law enforcement employee of

17 Defendants LA COUNTY/ LASD, and he could only be terminated or demoted from his

18 deputy sheriff position with good cause and only after the opportunity for an administrative

19 appeal hearing under the Public Safety Officers Procedural Bill of Rights (as codified in

20 *Cal.Gov't.Code* §§3300-3313).  Hereafter, the Public Safety Officers Procedural Bill of

21 Rights is stated as '"POBRA" or "the POBRA".

22     7.      At all times herein mentioned, law enforcement employees of Defendants LA

23 COUNTY/ LASD were subject to the same civil service protection system as other non-law

24 enforcement employees, and this civil service protection system in the County of Los

25 Angeles did not provide for the administrative appeal hearings required under the POBRA

26 for deputy sheriffs who were about to be, or who had been, terminated and/or demoted from

27 their law enforcement positions and status.  Instead, administrative appeal hearings under the

28 POBRA were customarily held by Defendant LASD as "Board of Rights" hearings or *Skelly-*

1  type evidentiary hearings.

2      8.     In this Complaint, when the term "administrative appeal"or "administrative

3  appeal hearing" is used, Plaintiff is referring to a hearing with due process safeguards such

4  as: notice of the charges on which  right of legal representation, presentation of evidence

5  under oath, the right to call witnesses and to cross-examine witnesses under oath, discovery

6  of truthful information, a formal record, and a neutral and impartial fact finder or hearing

7  officer who is able to reverse the decision of the public agency.

8      9.     At all times herein mentioned, Plaintiff WHITE herein did not receive the

9  opportunity for the administrative appeal hearing, and/or the administrative appeal hearing

10  itself, required under the POBRA from Defendants LA COUNTY/ LASD.

11      10.    On or about January 20, 2010, Defendant Captain BONDELL GOLDEN, then

12  in charge of the South Facility of the Pitchess Detention Center issued a challenge to Plaintiff

13  WHITE's psychological fitness for duty because of several off-duty and on-duty incidents

14  occurring in 2009 and 2010.  Defendant GOLDEN asked Occupational Health Programs of

15  the Chief Executive's Office for Defendant LA COUNTY to have Plaintiff WHITE

16  evaluated for his fitness for duty based on these aforesaid off-duty and on-duty incidents.

17      11.    Defendant GOLDEN did not have any personal first-hand knowledge of the

18  accuracy and/or truth of the several off-duty and on-duty incidents resulting in his request for

19  a psychological re-evaluation of Plaintiff's fitness for duty.  Instead, these incidents were

20  documented by hearsay reports of other individuals who also did not have any first-hand

21  knowledge of the subject matter of the incident reports. Defendant GOLDEN, in issuing the

22  fitness for duty challenge, relied on untrustworthy double and triple hearsay information.

23  Plaintiff himself took issue with the accuracy and/or veracity of most of the information, but

24  was never allowed a due process evidentiary hearing to challenge the accuracy and/or

25  veracity of the various off-duty and on-duty incidents on which the fitness for duty challenge

26  was issued by Defendant GOLDEN.  Further, no decision-maker of Defendants LA

27  COUNTY/ LASD had ever determined that Plaintiff's conduct with respect to any of these

28  off-duty and/or on-duty incidents was inappropriate or unlawful in any respect.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

3

12.     There were approximately five (5) off-duty and on-duty incidents which prompted Defendant GOLDEN to issue the psychological fitness for duty challenge as to Plaintiff WHITE.  Four (4) of these incidents had allegedly occurred when Plaintiff WHITE was serving his probationary period as a deputy sheriff for Defendant LASD.  Plaintiff WHITE, in fact, was allowed to pass his probationary period and became a regular deputy sheriff with Defendant LASD, which had actual knowledge of these four (4) incidents and passed him anyway.

13.     As was the custom and practice for re-evaluations for psychological fitness for duty for sworn deputy sheriffs working at the LASD, Defendant GOLDEN alerted a department at Defendant LA COUNTY named Occupational Health Programs (OHP) to have one of its mental health professionals conduct the psychological re-evaluation of Plaintiff. At Defendant LA COUNTY, the OHP handled issues involving both sworn and non-sworn employees.  Plaintiff WHITE was placed on administrative leave with pay and under "house arrest" until the OHP could make a determination of his "fitness for duty".  His police powers and authority and ability to carry a weapon were removed pending the outcome.  In fact, Plaintiff WHITE was on this administrative leave for more than one year prior to the time that he was terminated from his regular deputy sheriff position and then demoted to the non-sworn position of warehouse worker aide.

14.     By referring Plaintiff WHITE to the OHP for a psychological re-evaluation for fitness for duty, Defendant GOLDEN, in effect, maintained on behalf of Defendants LA COUNTY/LASD that Plaintiff had committed misconduct in one or more of the underlying off-duty and on-duty incidents.  Yet, at no time prior to the referral to the OHP did Defendants LA COUNTY/LASD offer Plaintiff the opportunity for any type of due process, evidentiary type hearing to determine either the truth of the allegations and/or whether any of Plaintiff's actions regarding the underlying incidents constituted events of misconduct for which his fitness for duty could be re-evaluated.

15.     Plaintiff WHITE involuntarily signed a "consent" to the psychological re-evaluation.  In fact, Plaintiff WHITE initially refused to sign the "consent".  However, he

**COMPLAINT AND DEMAND FOR JURY TRIAL**
4

1 signed the "consent" after he was told by a command staff deputy sheriff that he must sign it

2 or he would be fired.

3        16.    Following the referral of Defendant GOLDEN, the OHP assigned a mental

4 health professional named Dr. Ball to conduct a psychological re-evaluation of Plaintiff

5 WHITE based on the underlying off-duty and on-duty incidents. Plaintiff informed Dr. Ball

6 that some of the incident reports were factually untrue and, further, that in at least one of the

7 reported incidents he was commended for his course of conduct by a superior officer.

8 Nevertheless, in making his re-evaluation, Dr. Ball assumed that the underlying off-duty and

9 on-duty incidents were accurate and true. Dr. Ball further assumed that the Plaintiff's

10 alleged conduct in these incidents was inappropriate or constituted misconduct.

11       17.    Dr. Ball issued his report on or about March 26, 2010, indicating that Plaintiff

12 was "unfit for duty" and employment as a regular deputy sheriff. Dr. Ball indicated that

13 Plaintiff's "unfitness" was not due a psychological condition; rather, that his "pervasive and

14 enduring interpersonal style" (whatever that means) rendered him unsuitable for duty for a

15 law enforcement position.

16       18.    After he learned of Dr. Ball's negative report of March 26, 2010, Plaintiff

17 asked Defendant LASD and the OHP to provide him with an opportunity to have a second

18 mental health professional evaluate his fitness for duty. Defendant LASD and the OHP

19 resisted for a period of several weeks, then finally relented and indicated that Plaintiff could

20 select a professional from a "list" and pay for his own second opinion. Plaintiff did in fact

21 retain Dr. Frazier from a list provided by OHP. Dr. Frazier evaluated the same materials and

22 underlying events as Dr. Ball, he evaluated Dr. Ball's report, and then rejected Dr. Ball's

23 conclusions and found Plaintiff to be "fit for duty" as a regular deputy sheriff.

24       19.    Consequently, the matter was referred to a third psychologist named Dr. Souris

25 who was a colleague of the first psychologist rendering the "unsuitability" opinion, and who

26 was also employed by Defendant LA COUNTY's Occupational Health Programs. Dr.

27 Souris, unlike Dr. Ball and Dr. Frazier, did not re-interview Plaintiff. Dr. Souris then agreed

28 with Dr. Ball, finding that Plaintiff was "unfit for duty. Dr. Souris issued her third person

**COMPLAINT AND DEMAND FOR JURY TRIAL**

report on or about November 5, 2010.

20.    On or about April 18, 2011, Plaintiff was terminated from his deputy sheriff position, had his police powers and compensation and benefit package removed, and was involuntarily demoted to a substantially lesser non-sworn position of warehouse worker aide. As noted, Plaintiff was denied the opportunity for any type of evidentiary due process hearing or even a "liberty interest" hearing prior to or even subsequent to his termination/demotion.

21.    Once he was terminated from his deputy sheriff position and involuntarily demoted to the non-sworn position of a warehouse worker aide, the only avenue open to Plaintiff at the time was to appeal from the psychological re-evaluation procedure under Rule 9 of the Los Angeles County Civil Service Commission rules.

22.    At all times herein mentioned, the Los Angeles County Civil Service Commission did not permit terminated and/or demoted deputy sheriffs any type of due process hearing to challenge the adverse employment action and to be reinstated in their law enforcement positions. An appeal under Rule 9 to the Civil Service Commission rules did not satisfy Plaintiff's right to an evidentiary due process type hearing to challenge the termination/demotion. Even if Plaintiff's appeal under Rule 9 were successful, the particular hearing officer did not have the power and authority to reinstate Plaintiff in his law enforcement position, award back pay, and attorney's fees.

23.    As noted, at all times herein mentioned, this demotion and loss of his law enforcement position occurred without either a prior or subsequent evidentiary hearing and/or any other due process type of hearing required under the POBRA and/or any other equivalent state or federal statute and/or constitutional amendment or provision.

24.    Following his demotion and loss of law enforcement position on or about April 18, 2011, Plaintiff WHITE, as noted, pursued the only remedy available to him through the Civil Service Commission of Defendant LA COUNTY(i.e. an appeal under Rule 9).

25.    On or about June 22, 2011, the Civil Service Commission allowed the appeal under Rule 9. In its Special Notice, dated August 3, 2011, the Civil Service

1   Commission defined the issues that were the subject of the appeal as follows: A)   Is the

2   reduction, based on medical reasons, consistent with Rule 9.08 of the rules of the Civil

3   Service Commission; and, B)  If not, what is the appropriate remedy?  The Civil Service

4   Commission informed Plaintiff and his counsel that it would not hold an evidentiary due

5   process type hearing on the accuracy of the incidents underlying the psychological re-

6   evaluation, nor would it hold such a hearing to determine if Plaintiff's conduct in the

7   underlying incidents was inappropriate, constituted misconduct, if it was racially motivated,

8   or if the incidents demonstrated that Plaintiff was "unfit for duty".

9          26.     In so ruling and limiting the scope of the hearing, the Civil Service

10   Commission did not permit Plaintiff WHITE to challenge in an evidentiary hearing with

11   traditional due process safeguards, either the truth or falsity of the underlying off-duty and

12   on-duty incidents resulting in his fitness for duty evaluation and subsequent demotion and/or

13   the litigation of the actual medical evidence, or lack thereof, in addressing the question of

14   whether Plaintiff was "fit for duty" in his law enforcement position.  The Civil Service

15   Commission would not even allow Plaintiff a "name-clearing" hearing or a "liberty-interest"

16   hearing.  A Commission hearing was set for on or about November 22, 2011.

17          27.     On or about November 22, 2011, the hearing officer held the Commission

18   proceedings in abeyance until the Commission could decide how to proceed in the matter and

19   what evidence, if any, would be permitted at the hearing.  The Commission hearing officer

20   was having real difficulties proceeding in this matter under Rule 9 and made statements at

21   the meeting which indicated his belief that Plaintiff should have a due process-type

22   evidentiary hearing in factual matters which has thus far been denied to him.  The

23   Commission hearing officer, however, also knew that the Civil Service Commission had

24   denied Plaintiff the opportunity for a due-process evidentiary type hearing under Rule 9 and,

25   further, that Rule 9 did not allow for a fact-finding evidentiary/ due process hearing on either

26   the incidents underlying the adverse "fitness for duty" finding and/or on the validity of the

27   finding itself.  The hearing officer put off the hearing on the Rule 9 appeal until March 28,

28   2012.

COMPLAINT AND DEMAND FOR JURY TRIAL

28.    As a consequence, Plaintiff's due process right and protections under both the POBRA and 42 U.S.C. §1983 have been abrogated and/or not followed.  Plaintiff WHITE decided to opt out of his Rule 9 appeal, and instead litigate these very real and serious statutory and constitutional issues in a state or federal court rather than before the Civil Service Commission which would not provide the required due process of law.

29.    On February 27, 2012, Plaintiff WHITE filed a government tort claim with Defendants LA COUNTY/ LASD.  On March 23, 2012, Defendants LA COUNTY/ LASD rejected this government tort claim on its merits.

30.    On April 18, 2012, Plaintiff WHITE exhausted his administrative remedies with the Department of Fair Employment and Housing by filing a protected discrimination complaint with the Department, and he received an immediate Notice of Case Closure ("right to sue" letter) on the same date of April 18, 2012.

31.    On September 18, 2012, Plaintiff filed a state court complaint containing these same five (5) causes of action as are included in this Complaint in the District Court. Plaintiff filed a First Amended Complaint in state court as a matter of right on March 5, 2013.  This state court complaint was voluntarily dismissed without prejudice on or about March 12, 2013 after this Complaint was filed in the United States District Court. Jurisdiction in the District Court is based on federal question, in that the Third Cause of Action alleges civil rights violations pursuant to 42 U.S.C. Section 1983 and the minimum amount of controversy is in excess of $75,000.  Plaintiff requests that the District Court assume pendent jurisdiction over the closely-related state law claims in the other causes of action.

## FIRST CAUSE OF ACTION

**(Violation of the Public Safety Officers Procedural Bill of Rights- *Cal. Gov't.Code* §3304(b)- Termination/Demotion Without Administrative Appeal- Brought By Plaintiff DORIAN WHITE Against Defendants COUNTY OF LOS ANGELES and COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT)**

COMPLAINT AND DEMAND FOR JURY TRIAL

33.    Plaintiff realleges and incorporates herein the matters contained in paragraphs 1 through 32 as though fully set forth.

34.    At all times herein mentioned, the POBRA in general, and *Cal.Gov't.Code* §3304(b) in particular were in full force and effect.  Section 3304(b) provides, in pertinent part, that "no punitive action....shall be undertaken by any public agency against any public safety officer....without providing the public safety officer with an opportunity for an administrative appeal."  A termination/ demotion with an accompanying loss of pay and benefits is considered to be a "punitive action" pursuant to the terms of Section 3304(b).

35.    Plaintiff WHITE was terminated/ demoted and thereby suffered a punitive action under the terms of Section 3304(b) on or about April 18, 2011 without being afforded the opportunity for an administrative appeal either before or after the termination/ demotion. As noted herein, the Civil Service Commission of Los Angeles County does not hear administrative appeals under the POBRA.  Instead, POBRA administrative appeals and required due process, evidentiary-type hearings are held at Defendant LASD for deputy sheriffs suffering a punitive action under *Cal.Gov't.Code* §3304(b).

36.    Plaintiff is informed and believes, and thereon alleges, that the type of administrative appeal to which he was entitled in his particular case was an evidentiary *Skelly*-type hearing before and/or after his termination/ demotion could take effect.

37.    At all times herein mentioned, Defendants LA COUNTY/ LASD strictly adhered to a policy of not providing administrative appeals and/or due process, evidentiary-type hearings to its deputy sheriffs who were terminated, demoted, suspended, or transferred because the OHP of Defendant LA COUNTY determined he or she was psychologically unfit for duty.

38.    As a direct consequence of his termination and demotion from a law enforcement position to a non-law enforcement position without an administrative appeal, the provisions of the POBRA have been violated by Defendants LA COUNTY/ LASD, and Plaintiff is therefore entitled to the remedies in *Cal.Gov't.Code* §3309.5(d), including, but not limited to, injunctive relief in the form of reinstatement to his deputy sheriff position at

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  the same grade and pay as he held before his unlawful demotion, back pay according to

2  proof, and payment of his attorney's fees and costs in prosecuting this action.

3        39.    Plaintiff also contends that the punitive action which he suffered was as a

4  result of malice, and therefore he also seeks the remedies provided by *Cal.Gov't.Code*

5  §3309.5(e), including, but not limited to, the maximum $25,000 statutory penalty, actual

6  compensatory and general damages according to proof, and payment of his attorney's fees

7  and costs in prosecuting this action.

8        40.    Plaintiff also prays for recovery of his attorney's fees pursuant to California's

9  Private Attorney General Statute of *Cal.Code.Civ.Proc.* §1021.5.  This litigation by Plaintiff

10  is in the public interest.

11

12  **SECOND CAUSE OF ACTION**

13  **(Violation of the Public Safety Officers Procedural Bill of Rights- *Cal.***

14  ***Gov't.Code* §3304(d)- Initiation of Punitive Action More Than One Year**

15  **After Discovery of Alleged Misconduct- Brought By Plaintiff DORIAN**

16  **WHITE Against Defendants COUNTY OF LOS ANGELES and COUNTY**

17  **OF LOS ANGELES SHERIFF'S DEPARTMENT)**

18        41.    Plaintiff realleges and incorporates herein those matters contained in

19  paragraphs 1 through 40 as though fully set forth.

20        42.    The off-duty and on-duty incidents which prompted Defendant CAPTAIN

21  GOLDEN to initiate the aforesaid fitness for duty evaluation/ investigation on or about

22  January 20, 2010 occurred on these dates: January 5, 2010; December 23, 2009; November

23  27, 2009; June 24, 2009; and, May 8, 2009.

24        43.    The investigation of Defendants LA COUNTY/ LASD of those events

25  occurring on the dates listed in paragraph 35 of this Complaint was not completed until on or

26  about November 5, 2010.  However, as noted, Plaintiff was not officially subjected to

27  termination/demotion until on or about April 18, 2011.

28        44.    At all times herein mentioned, the POBRA, pursuant to *Cal.Gov't.Code*

§3304(d) required, in pertinent part, as follows: "....no punitive action....shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct.....in the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that year, except as provided in paragraph (2).....The public agency is not required to impose the discipline within that one-year period...."

45.     At all times herein mentioned, Defendants LA COUNTY/ LASD violated the provisions of *Cal.Gov't.Code* §3304(d) by not issuing the required Letter of Intent to institute punitive action and/or Notice of Adverse Action within one year of May 8, 2009, or any of the other dates.  In fact, Defendants LA COUNTY/ LASD did not issue the required Letter of Intent to institute punitive action and/or Notice of Adverse Action at any time before the termination/demotion of on or about April 18, 2011.

46.     On information and belief, Defendants LA COUNTY/ LASD take the position that referring a regular deputy sheriff (tenured position) for a psychological fitness for duty determination is not a punitive measure. Nevertheless, in Plaintiff WHITE's matter, the referral for a psychological re-evaluation was based on a series of off-duty and on-duty incidents which Defendants believed constituted misconduct.  Moreover, the determination ultimately made by Dr. Souris of the OHP resulted in the termination/demotion of Plaintiff WHITE and thereby constituted a "punitive action" under *Cal.Gov't.Code* §3304(b).

47.     As a direct consequence of his demotion from a law enforcement position to a non-law enforcement position without an administrative appeal, as well as the failure to issue the required Notice of Intent to institute a punitive action and/or Notice of Adverse Action on a timely basis,  the provisions of the POBRA have been violated by Defendants LA COUNTY/ LASD, and Plaintiff is therefore entitled to the remedies in *Cal.Gov't.Code* §3309.5(d), including, but not limited to, injunctive relief in the form of reinstatement to his

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  deputy sheriff position at the same grade and pay as he held before his unlawful demotion,

2  back pay according to proof, and payment of his attorney's fees and costs in prosecuting this

3  action.

4       48.   Plaintiff also contends that the refusal to comply with the notice directives of

5  the POBRA on a timely basis was as a result of malice, and therefore he also seeks the

6  remedies provided by *Cal.Gov't.Code* §3309.5(e), including, but not limited to, the

7  maximum $25,000 statutory penalty, actual compensatory and general damages according to

8  proof, and payment of his attorney's fees and costs in prosecuting this action.

9       49.   Plaintiff also prays for recovery of his attorney's fees pursuant to California's

10  Private Attorney General Statute of *Cal.Code.Civ.Proc.* §1021.5.  This litigation is intended

11  for the benefit of the public.

12

13               **THIRD CAUSE OF ACTION**

14    **(Violation of 42 U.S.C. §§1983, Et. Seq.- Taking of Property Without**

15    **Due Process of Law In Violation of Fifth and Fourteenth Amendments**

16    **to the United States Constitution- Brought By Plaintiff DORIAN WHITE**

17    **Against Defendants COUNTY OF LOS ANGELES, COUNTY OF**

18    **LOS ANGELES SHERIFF'S DEPARTMENT, SHERIFF LEE**

19    **BACA, and CAPTAIN BONDELL GOLDEN)**

20       50.   Plaintiff realleges and incorporates herein those matters contained in

21  paragraphs 1 through 49 as though fully set forth.

22       51.   Defendant Sheriff LEE BACA is brought into this case as an individual

23  defendant because he was the ultimate supervisor of Plaintiff when he worked as a

24  probationary and regular deputy sheriff, and therefore he was ultimately responsible for the

25  denial of federal civil rights that accompanied the termination/ demotion of Plaintiff on or

26  about April 18, 2011.

27       52.   Defendant CAPTAIN BONDELL GOLDEN is brought into this case as an

28  individual defendant because he was the direct supervisor of Plaintiff when he worked as a

**COMPLAINT AND DEMAND FOR JURY TRIAL**
12

1  probationary and regular deputy sheriff.  As noted elsewhere in this Complaint, it was

2  Defendant GOLDEN who made the decision that Plaintiff was, in her opinion, "unfit for

3  duty" based on a series of off-duty and on-duty incidents which she (Defendant GOLDEN)

4  admittedly believed would constitute misconduct

5      53.     Defendants LA COUNTY/LASD are brought into this case as public entity

6  defendants because they have a policy, pattern, and practice of subjecting regular deputy

7  sheriffs to punitive actions of termination, demotion, suspension, transfer for purposes of

8  punishment and other adverse employment actions based on Rule 9 "fitness for duty"

9  examinations.  This policy and practice is unlawful because, by using and in using Rule 9

10 "fitness for duty" examinations to discipline regular deputy sheriffs who can only be

11 terminated for reasons related to "good cause", these Defendants consciously and

12 intentionally avoid the use of due process-type evidentiary hearings which are otherwise

13 required under the POBRA and, also, under the Fifth and Fourteenth Amendments to the

14 United States Constitution.

15      54.     As of on or about April 18, 2011, when Plaintiff WHITE was terminated/

16 demoted from his regular deputy sheriff position to a lower-paying non-law enforcement job,

17 he was a tenured public employee who could only be subjected to an adverse employment

18 action based on good cause, and only after due process of law in the form of adequate notice

19 and a prior or subsequent evidentiary hearing that comported with *Skelly v. State Personnel*

20 *Board* (1975) 15 Cal.3d 194 and with the administrative appeal requirements of the POBRA.

21      55.     Further, as of on or about April 18, 2010, Plaintiff, as a tenured law

22 enforcement employee of Defendants LA COUNTY/ LASD, had a property interest in his

23 job which could not be usurped or taken without full compliance with due process of law

24 principles pursuant to the Fifth and Fourteenth Amendment of the United States Constitution.

25      56.     At no time on or before his termination/ demotion of on or about April 18,

26 2011, or at no time thereafter, was Plaintiff WHITE afforded due process of law in the form

27 of adequate notice, discovery, cross-examination of witnesses, presentation of testimony

28 under oath, and a neutral and impartial factfinder capable of overturning the adverse

**COMPLAINT AND DEMAND FOR JURY TRIAL**
13

1  employment action he ultimately sustained.  Plaintiff WHITE was not even offered a name-

2  clearing or "liberty interest" hearing before or after his termination/demotion.

3      57.    Also, at no time from 2005 to the present date can Defendants LA COUNTY/

4  LASD point to any particular individual case in which a regular deputy sheriff in its employ

5  was provided with a due process-type evidentiary hearing to challenge the basis of a referral

6  for a psychological re-evaluation for "fitness for duty".  In fact, as noted above, Defendants

7  LA COUNTY/ LASD routinely uses the "fitness for duty" psychological re-evaluation

8  procedures under Rule 9 to terminate, demote, suspend, or transfer for purposes of

9  punishment those regular deputy sheriffs who are arbitrarily selected by some command staff

10  member for exclusion.

11      58.    The aforesaid denial of due process of law violated the Fifth and Fourteenth

12  Amendments to the United States Constitution, and also constituted government action which

13  violated 42 U.S.C. §§1983, et seq.

14      59.    As a direct consequence of the violation of Plaintiff's civil rights pursuant to

15  42 U,.S.C. §§1983, et seq., Plaintiff has sustained, and will continue to sustain for a period of

16  time into the future, compensatory and general damages in an amount according to proof.

17  Plaintiff is also entitled to his reasonable attorney's fees and costs in an amount according to

18  proof.  Plaintiff is also entitled to punitive damages for the violations of Plaintiff WHITE's

19  federal civil rights as against the individual defendants only— Defendants BACA and

20  GOLDEN.

21      60.    As an alternative to damages, Plaintiff WHITE seeks the injunctive remedy of

22  reinstatement into his deputy sheriff position, together with back pay and prejudgment

23  interest, and reasonable attorney's fees and costs in an amount according to proof.

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**
14

## FOURTH CAUSE OF ACTION

**(Wrongful Termination/ Demotion- Race Discrimination Under the FEHA-Based On Disparate Treatment- Brought By Plaintiff DORIAN WHITE Against Defendants COUNTY OF LOS ANGELES And COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT)**

61.     Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 60 as though fully set forth.

62.     At all times herein mentioned, the California Fair Employment and Housing Act was in full force and effect. This Act, which is codified at *Cal.Gov't.Code* §§12900-12999, was and is intended to prevent discrimination in the workplace based on membership in a protected class, including, but not limited to, race.

63.     Plaintiff WHITE is a male of the African-American race. The decision-maker in his referral for a psychological re-evaluation was Defendant GOLDEN, a Caucasian female.

64.     Ultimately, Plaintiff was disciplined and subjected to an adverse employment action based on off-duty and on-duty incidents occurring on or about the following dates and generally involved the following matters: January 5, 2010 (alleged verbal arguments with wife); December 23, 2009 (alleged minor verbal abuse of inmate at Pitchess Detention Center); November 27, 2009 (intervened in dispute between others in which he had to draw his service weapon, and he had already been "cleared" in this incident by his lieutenant and was found to be acting in self-defense); June 24, 2009 (involvement in training accident that did not result in serious injuries); and, May 8, 2009 (intervened in dispute between two others at his apartment in which he had to draw his service weapon, and LAPD responded to the scene and cleared the matter as "verbal dispute, misunderstanding"). As previously noted herein, Plaintiff was not afforded due process of law before an impartial and neutral factfinder in the form of appropriate notice and an opportunity to be heard, cross-examination of adverse witnesses, presentation of evidence under oath, representation by counsel, a formal record, and discovery of evidence.

1    65.    Plaintiff is informed and believes, and thereon alleges, that he was disparately

2    treated by Defendants LA COUNTY/ LASD from similarly-situated Caucasian deputy

3    sheriffs who were:

4          A)    involved in similar off-duty incidents involving a display of a weapon in

5    a self-defense or defense of others situation and/or verbal altercations with their spouses or

6    girlfriends; and/or,

7          B)    involved in similar on-duty incidents involving an alleged verbal abuse

8    of an inmate and/or a minor training accident.

9    66.    In fact, other similarly-situated Caucasian deputy sheriffs were given a "free

10   pass" and did not suffer an adverse employment action when displaying their service weapon

11   while off-duty in threatening situations or in defense of self or others.  In fact, other

12   similarly-situated Caucasian deputy sheriffs were given a "free pass" and did not suffer an

13   adverse employment action when getting into verbal altercations with their spouses or

14   significant others.  In fact, other similarly-situated Caucasian deputy sheriffs were given a

15   "free pass" and did not suffer an adverse employment action when becoming involved in on-

16   duty situations such as verbally abusing an inmate and/or causing or contributing to the cause

17   of a minor training incident.  Further similarly-situated Caucasian deputy sheriffs were not

18   alleged to be psychologically unfit for duty as a deputy sheriff, nor did they have to undergo

19   a psychological fitness for duty examination that earmarked them as "mentally disabled"

20   among their colleagues and prospective employers.

21   67.    At all times herein mentioned, Plaintiff could have challenged his termination/

22   demotion for race discrimination and on grounds other than merit pursuant to Rule 25 of the

23   Los Angeles County Civil Service Commission; however, he was not required to do so, and

24   also had the option of pursuing the claim in court under the FEHA.  As noted, by stating this

25   cause of action, Plaintiff has exercised his option of proceeding in court under the FEHA on

26   his race discrimination claim.  Plaintiff, therefore, alleges under the FEHA that a substantial

27   motivation for his referral to the "fitness for duty" psychological re-evaluation was on

28   account if his African-American race .  Further, a substantial motivation for the ultimate

COMPLAINT AND DEMAND FOR JURY TRIAL

1 decision that he was "unfit for duty" as a regular deputy sheriff because of a "pervasive and

2 enduring interpersonal style" was also on account of his African-American race.

3       68.    As a direct result of the aforesaid race discrimination in employment, Plaintiff

4 has sustained, and will continue to sustain for a period of time in the future, compensatory

5 and general damages in an amount according to proof.

6       69.    Plaintiff is entitled to payment of his reasonable attorney's fees and expenses

7 pursuant to *Cal.Gov't.Code* §12965(b).

8

9                           **FIFTH CAUSE OF ACTION**

10      **(Wrongful Demotion- Disability Discrimination Under the FEHA- Based**

11      **On Perceived Mental Disability- Brought By Plaintiff DORIAN**

12      **WHITE Against Defendants COUNTY OF LOS ANGELES, COUNTY OF**

13      **LOS ANGELES SHERIFF'S DEPARTMENT)**

14       70.    Plaintiff realleges and incorporates herein those matters contained in

15 paragraphs 1 through 69 as though fully set forth.

16       71.    At all times herein mentioned, the California Fair Employment and Housing

17 Act was in full force and effect.  This Act, which is codified at *Cal.Gov't.Code* §§12900-

18 12999, was and is intended to prevent discrimination in the workplace based on membership

19 in a protected class, including, but not limited to, perceived mental disability.

20       72.    At all times herein mentioned, Defendants LA COUNTY/ LASD perceived

21 Plaintiff as having a mental disability and/or psychological condition which, Defendants

22 contend, prevented him from performing the essential functions of his deputy sheriff

23 position.

24       73.    In fact, Plaintiff did not have a disabling mental disability and/or psychological

25 condition which prevented him from performing the essential functions of his deputy sheriff

26 position.  As noted herein, the ultimate conclusion by the OHP mental health professionals

27 was that Plaintiff had a "pervasive and enduring interpersonal style", which is not a disabling

28 psychological condition and which could not have resulted in a finding that he was

1    *psychologically* "unfit for duty".

2         74.    At all times herein mentioned, Plaintiff could perform the essential functions of

3    his deputy sheriff position without the necessity of any reasonable accommodation.

4         75.    Plaintiff was terminated from his deputy sheriff position with Defendant LASD

5    and was demoted to a non-law enforcement position in Defendant LA COUNTY as a result

6    of his perceived mental disability and/or psychological condition.

7         76.    As a direct result of the aforesaid discrimination against Plaintiff based on his

8    perceived psychological or mental condition, Plaintiff has sustained an adverse employment

9    action, and has, and will continue for a period of time in the future, to sustain compensatory

10   and general damages in an amount according to proof.

11        77.    Plaintiff is entitled to payment of his reasonable attorney's fees and expenses

12   pursuant to *Cal.Gov't.Code* §12965(b).

13

14        WHEREFORE, Plaintiff prays for the following relief:

15        For the First and Second Causes of Action:

16        1.     Injunctive relief pursuant to *Cal.Gov't.Code* §3309.5(d) in the form of

17   reinstatement to deputy sheriff position, back pay, and attorney's fees.

18        2.     Actual damages for malicious conduct pursuant to *Cal.Gov't.Code* §3309.5(e),

19   including compensatory damages, general damages, statutory penalties for each violation in

20   the sum of $25,000, back pay, and attorney's fees.

21        For the Third Cause of Action:

22        1.     Reinstatement to deputy sheriff position, back pay, and payment of attorney's

23   fees.

24        2.     Compensatory and general damages in an amount according to proof at the trial

25   of the action.

26        For the Fourth and Fifth Causes of Action:

27        1.     Compensatory and general damages in an amount according to proof at the trial

28   of the action.

**COMPLAINT AND DEMAND FOR JURY TRIAL**
18

2.     Attorney's fees pursuant to *Cal.Gov't.Code* §12965(b).

<u>On All Causes of Action:</u>

1.     For costs of the suit herein incurred.

2.     For such other and further relief as this court may deem proper and just.

Dated:  March 11, 2013          LAW OFFICES OF JOEL W. BARUCH, PC


By _____

Joel W. Baruch, Attorney for Plaintiff


## <u>DEMAND FOR JURY TRIAL</u>

1.     Plaintiff herein demands a trial by jury.


Dated:  March 11, 2013          LAW OFFICES OF JOEL W. BARUCH, PC


By _____

Joel W. Baruch, Attorney for Plaintiff


**COMPLAINT AND DEMAND FOR JURY TRIAL**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV13- 1733 SJO  (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

DORIAN WHITE

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

COUNTY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF LEE BACA, elected Sheriff of Los Angeles County; CAPTAIN BONDELL GOLDEN, deputy sheriff employed by LASD; and, DOES 1 through 20, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joel W. Baruch, Esq. SBN #85903, Nikki Fermin SBN #271331
2020 Main Street, Suite 900
Irvine, California 92614
Tel: (949) 864-9662, Fax: (949) 851-3185

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey M. Hausman, Esq. Bar No. 057251
18757 Burbank Boulevard, Suite 305
Tarzana, California 91356-6329
Telephone: (818) 654-9000, Facsimile: (818) 694-9050

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Public Safety Officers Procedural Bill of Rights, Taking of Property Without Due Process of Law In Violation, Wrongful Termination/ Demotion- Race Discrimination, Wrongful Demotion

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-01733

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: March 11, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |