LAW OFFICES OF HAUSMAN & SOSA, LLP
Jeffrey M. Hausman, Esq., Bar No. 057251
Larry D. Stratton, Esq., Bar No. 116955
18757 Burbank Boulevard, Suite 305
Tarzana, California 91356-6329
Telephone: (818) 654-9000
Facsimile: (818) 654-9050

Attorneys for Defendant: County of Los Angeles,
Sheriff Lee Baca, elected Sheriff of Los Angeles County
and Captain Bondell Golden

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

| | |
|---|---|
| DORIAN WHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF LEE BACA, elected Sheriff of Los Angeles County; CAPTAIN BONDELL GOLDEN, deputy sheriff employed by LASD; and, DOES 1 through 20, inclusive<br><br>    Defendants. | CASE NO. CV13-01733-SJO (MANx)<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>DATE:    June 24, 2013<br>TIME:    10:00 a.m.<br>CRTRM:   1- 2nd Floor<br><br>*Assigned for all purposes to the Honorable S. James Otero* |

## I.

## INTRODUCTION

Dorian White's (White) Opposition and his Complaint make material concessions establishing his inability to state an actionable federal or state claim. White's claims are baseless, including the act of naming Sheriff Baca and Captain Golden as individual defendants. He suggests that the individuals are named because they were his superiors

---

(COLA:WHITE-FED\Pldg\MTD-Reply)

1

REPLY IN SUPPORT OF MOTION TO DISMISS

in the chain of command – which means that his only theory against them is under a theory of respondeat superior.

However, there is no respondeat superior liability under 42 U.S.C. §1983. White also alleges Captain Golden was at fault because she referred him to the Occupational Health Program ("OHP") for a psychological reevaluation – which is the very protected activity addressed in the Special Motion to Strike under Code of Civil Procedure §425.16 filed by the County. Complaint at ¶52. However, referring White to a reevaluation is protected conduct, and the individual defendants enjoy a qualified immunity. White also ignored a number of absolute defenses, including the fact that his Peace Officer Bill of Right Act (Government Code §3300 et seq.) claim is barred because he failed to file a timely government claim, and also because of the expiration the statute of limitations. He has no substantive answer to any of this.

White claims that the thrust of his suit is a purported deprivation of due process. Yet, White had *an abundance* of due process rights and remedies, which are applicable to at least Count 1 (his first POBRA claim) and Count 3 (his 42 U.S.C. §1983 claim). He essentially fails to address these issues.

Thus, White has failed to respond to motion. He offers no argument supporting his various claims, including his claims of discrimination under the Fair Employment and Housing Act (FEHA). Given the fact that all of White's claims are implausible, and there is no suggestion how any of it can be corrected, this motion should be granted without leave to amend.

## II.

### *WHITE FAILS TO SHOW ANY DUE PROCESS VIOLATION OR A VIOLATION UNDER POBRA*

White claims that he has a "due process" claim, expressed in his federal 42 U.S.C. §1983 claim (Count 3), and his claim of an alleged violation of Peace Officer's Bill of Rights Act ("POBRA") claim (Count 1). See also *James v. City of Coronado*, 106 Cal.App.4th 905, 131 Cal.Rptr.2d 85 (2003) (due process analysis used in determining

whether the hearing requirement has been met under the POBRA).[1]

White's "Due Process" claims lack merit under either theory. First, White is incorrect that he lacked any due process claim, because Rule 9 allows an appeal. Rule 9.06 allows the employee to seek a review of medical findings. Civil Service Rule 9.06. Second, White ignores the fact that he was granted a Civil Service hearing before the Los Angeles County Civil Service Commission ("Commission"), which he "opted out" (i.e., dismissed) mid-hearing. Complaint at ¶28. Third, White in fact received an appeal by OHP allowing his presentation of medical evidence, which he also admits in his pleading. Complaint at ¶¶18-19. Fourth, White had grievance rights under the applicable MOU which he never exercised.

Regarding this latter point: White simply dismisses his grievance and potential arbitration remedy as a "red herring." He then mischaracterizes the Defendant's argument as a question of exhaustion of administrative remedies. Opposition at 11:10-14. However, this is clearly *not* what the Defendants argued. Rather, the grievance right under the MOU provided White with the due process he asserts he never received. The Defendants *clearly* set this argument our in the Motion. *See* Motion at 17. An employee's grievance and arbitration rights under an MOU meets due process requirements in the Ninth Circuit. *Armstrong v. Meyers*, 964 F.2d 948, 950-51 (9th Cir. 1992); *Micone v. Carey*, 203 Fed.Appx. 23, 24 (9th Cir. 2006) (unpublished case); *Anderson v. Lewis & Clark County*, 34 F.3d 1071 (9th Cir. 1994) (unpublished).

White also contends that because he did not raise the MOU in his Complaint, it thus cannot be addressed in the Defendants' Rule 12(b)(6) motion. Opposition at 11:8-9. However, this is also inaccurate. The Court may judicially notice matters when ruling on a motion to dismiss. *New Mexico State Investment Council v. Ernst & Young*, 641 F.3d 1089, 1094 (9th Cir. 2011).

---

[1] Notwithstanding White's claims, the principal thrust of White's claim is an attack upon the County's referral of White to OHP. This is addressed more specifically in the Special Motion to Strike.

Law Offices of Hausman & Sosa, LLP
18757 Burbank Boulevard, Suite 305
Tarzana, California 91356-6329
Telephone (818) 654-9000
Facsimile (818) 654-9050

White has never disputed the authenticity of the relevant MOU, and apparently does not claim it was not in effect at all relevant time periods. By making the inaccurate and dismissive "exhaustion of administrative remedies" claims, he has also failed to address why the grievance remedy failed to provide him with yet another due process vehicle to allow him to address his substantive complaints to the County. White has had many due process opportunities. To the extent White contends that the Board of Supervisors should have enacted some other appeal right within Rule 9, White's claim lies in the political sphere, and not in federal court.

Finally, White cites *Hunter v. Los Angeles Civil Service Com.*, 102 Cal.App.4th 191, 124 Cal.Rptr.2d 924 (2002) for the proposition that the Commission did not have jurisdiction over the reevaluation. However, *Hunter* did not involve a psychological reevaluation claim under Rule 9, and this was a process which White initiated and ended on his own. The case is also distinguishable in light of the fact that White *received* a right to a hearing in this case which he then forfeited. White, took it upon himself to decide that the Commission did not have jurisdiction in this case.

### III.
### WHITE'S POBRA CLAIMS ARE EITHER NOT PROPER CLAIMS OR ARE JURISDICTIONALLY BARRED AS A MATTER OF LAW

**A. White's POBRA Claims are Jurisdictionally Barred Given his Failure to Comply With the Claims Statute**

White's POBRA claims are asserted in Counts one (1) and two (2) of his Complaint. White claims that he was "terminated" on April 18, 2011. Complaint at ¶20. He filed his government claim over ten (10) months later, on February 27, 2012. Complaint at ¶29. By statute, he must file a government claim within six (6) months of the accrual of his cause of action, under Government Code §911.2(a).

In his Opposition, White asks the Court to simply ignore the facts, and instead accept his assertion that his government claim was "timely." He argues: "[T]he allegations of the Complaint must be treated as true insofar that the tort claim was timely

filed . . ." Opposition at 11:23-25. Compliance with the claims statute is in fact an element of White's cause of action. *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209, 164 P.3d 630, 64 Cal.Rptr.3d 210 (2007).

The Court in *Creighton v. City of Livingston*, 628 F.Supp.2d 1199 (E.D. Cal. 2009) rejected the very argument White now makes, stating that alleging the legal conclusion of compliance with the government claims statute itself insufficient, pursuant to the Supreme Court's holding in *Bell Atlantic v. Twombly*, 550 U.S. 544, 167 L.Ed.2d 929, 127 S.Ct. 1955 (2007). *Twombly* requires that a pleading must allege facts with sufficient specificity "to raise a right to relief above the speculative level . . ." 550 U.S. at 555.

White cites *Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1998) as support for his assertion that a vague allegation of compliance with Government Code §911.2 is sufficient. However, *Pareto* does not support the claim that this Court must give credence to a legal conclusion which is in conflict with the facts. To the contrary, the Ninth Circuit in *Pareto* stated that it reviews "the allegations of material facts set forth in the complaint, which we read in the light most favorable to the non-moving party and which, together with all reasonable inferences therefrom, we take to be true. [Citation.] *However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.* [Emphasis added.] 139 F.3d at 699. On this basis alone, White has failed to state a basis to claim a POBR violation.

Moreover, White essentially ignores the fact that this suit was not timely filed, specifically regarding the POBR Counts, Count 1 and Count 2. White has six (6) months from the County's March 23, 2012 denial of his belated government claim to file suit. *See* Complaint, Case No. BC4941976 at Exhibit T (Notice of Denial of Government Claim) (Request for Judicial Notice). This federal lawsuit was filed on March 11, 2013, almost a year later. *See*, Government Code §9456(a)(1). The underlying purpose of these claim and limitations periods is to limit the potential for lawsuit against governmental entities "through tightly controlled notice provisions." *Roberts v. County*

Law Offices of Hausman & Sosa, LLP
18757 Burbank Boulevard, Suite 305
Tarzana, California 91356-6329
Telephone (818) 654-9000
Facsimile (818) 654-9050

*of Los Angeles*, 175 Cal.App.4th 474, 481, 96 Cal.Rptr.3d 60 (2009).

**B. There is No Claim For the POBR Statute of Limitations Claim under Count 2 of the Complaint**

In Count 2, White essentially contends that the County's failure to take action within a statutory period creates an affirmative cause of action. White never explains how a statute of limitations transforms itself into an affirmative claim. First, any and all claims under the POBRA are barred jurisdictionally, as indicated above. Second, a statute of limitations is an affirmative defense, not a cause of action. Third, White continues to inaccurately assert that his supposed "discharge" (which was never a discharge) was disciplinary and not a result of a medical determination by OHP. This claim is also without support.

## IV.

## WHITE'S OPPOSITION FAILED TO ADDRESS THE ISSUE OF QUALIFIED IMMUNITY, FAILING TO DEMONSTRATE WHY THE §1983 CLAIM AGAINST SHERIFF BACA AND CAPTAIN GOLDEN IS NOT BARRED

White fails to allege or suggest any personal involvement by defendant Sheriff Baca in the underlying "incident." Opposition at 4-8. Regarding the individual defendant Captain Golden, White alleges: (1) she was the "lead supervisor" at his place of work, at "South Facility," and (2) she referred him for psychological reevaluation under Rule 9 of the Civil Service Rules in her capacity as his superior, but that she did not have personal knowledge of five (5) underlying incidents giving rise to the referral. Opposition at 5. White alleges that Golden referred him to a reevaluation because she "admittedly" believed that the five (5) incidents constituted misconduct. Opposition at 16; Complaint at ¶¶12-13.

White essentially ignored the issue of qualified immunity, even though it was raised in the Motion. Opposition at 16-17 (failing to address the qualified immunity issue). In evaluating the existence of a qualified immunity defense, the "court must first

(COLA:WHITE-FED\Pldg\MTD-Reply)  REPLY IN SUPPORT OF MOTION TO DISMISS

determine whether the plaintiff has alleged a violation of a right that is clearly established and stated with particularity." *Collins v. Jordan*, 110 F.3d 1363 (9th Cir. 1996). White bears this burden. *Id.* Second, "the court must consider whether, under the facts alleged, a reasonable official could have believed that his conduct was lawful." *Id.*

White failed to substantively address this. He failed to address how either Captain Golden's simple referral of White to a reevaluation constitutes a civil right violation allowing him a right under 42 U.S.C. §1983. Moreover, given the Sheriff's responsibility to ensure White's fitness as a Deputy Sheriff, including under Government Code §1031(f), Sheriff's referral of White to a reevaluation was objectively reasonable. White has never shown that relying upon (alleged) past, "red-flag" events was wrongful or in any way improper. White's characterization of his demotion as a disciplinary action based upon those past events is an inaccurate characterization of the facts.

Moreover, White allegations relating to the referral for reevaluation also conflict with his argument in opposition to the Defendants' Special Motion to Strike, where he claims that the Defendants misinterpret his legal position and that his claim is based upon a "due process" deprivation – even though the Defendants' understanding of his claim is based upon a simple reading of his Complaint. He argues in his Opposition to that other Motion:

> This is not an Anti-SLAPP case. *Contrary to Defendants' claims, Plaintiff WHITE has not sued Defendants because he was referred for the fitness for duty evaluation. In fact, Plaintiff WHITE agrees that Defendants have the authority and ability to review his medical and psychological condition in order to determine that he meets the minimum standards of a peace officer pursuant to California Government Code § 1031(f).* (Emphasis added.)

Opposition to Special Motion to Strike at 8:1-5.

This illustrates why White's §1983 claim against the individuals, allegedly based

(COLA:WHITE-FED\Pldg\MTD-Reply)    REPLY IN SUPPORT OF MOTION TO DISMISS

upon a claim of deprivation of "due process," makes no sense. Is White suggesting that Sheriff Baca and Captain Golden enacted Rule 9 of the Civil Service Rules, or that they personally deprived him of due process? White has clearly failed to demonstrate any grounds for liability by either individual defendant. He has also failed to show how these allegations can possibly be amended.

## V.
## WHITE ADMITS THAT HE IS PURSUING THE INDIVIDUALS UNDER A RESPONDEAT SUPERIOR THEORY, SHOWING THAT THE 42 U.S.C. §1983 CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW

White also essentially ignores the fact that individuals are not liable under Section 1983 under a theory of respondeat superior. As indicated, there "must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This was clearly raised in the 12(b)(6) motion, but was (again) essentially ignored in the opposition. Accordingly, White's §1983 claims against both Sheriff Baca and Captain Golden should be dismissed.

## VI.
## WHITE FAILS TO SUBSTANTIVELY ADDRESS THE CLAIMS UNDER THE FAIR EMPLOYMENT AND HOUSING ACT (COUNTS 4,5)

White offers no factual support for his discrimination claims, and only argues that he alleged a prima facie case. Opposition at 18. However, when an employer states a non-discriminatory basis for an employment decision, the employee has the burden to demonstrate that the adverse employment action is a pretext for unlawful conduct. When the employer offers the non-discriminatory basis for the decision or action, "the burden shifts back to the employee to produce substantial evidence that employer's given reason was either 'untrue or pretextual,' or that the employer acted with discriminatory animus, in order to raise an inference of discrimination." *Furtado v.*

*State Personnel Board*, 212 Cal.App.4th 729, 744, 151 Cal.Rptr.3d 292 (2013).

The legitimate non-discriminatory grounds proffered by the County for his demotion was his failure to qualify following his medical reevaluation White recognizes this, but he offers no facts suggesting a pretext, meaning that the claim appears to be based on nothing more than his own speculation. He has failed to raise any of these claims of discrimination above the speculative level. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 173 L.Ed.2d 868, 129 S.Ct. 1937 (2009).

## VII.

## CONCLUSION

Based on the foregoing, the Defendants request that the Court grant this motion, without opportunity to amend.

Respectfully submitted,

LAW OFFICES OF HAUSMAN & SOSA, LLP

DATED: June 10, 2013

By: _____
JEFFREY M. HAUSMAN
LARRY D. STRATTON
Attorneys for Defendant: County of Los Angeles (Including the Department of the County of Los Angeles, "County of Los Angeles Sheriff's Department, a law enforcement agency"), Sheriff Lee Baca, elected Sheriff of Los Angeles County, and Captain Bondell Golden

Law Offices of Hausman & Sosa, LLP
18757 Burbank Boulevard, Suite 305
Tarzana, California 91356-6329
Telephone (818) 654-9000
Facsimile (818) 654-9050

(COLA:WHITE-FED\Pldg\MTD-Reply)

9

REPLY IN SUPPORT OF MOTION TO DISMISS

# PROOF OF SERVICE BY MAIL

I, Jolyn Strickler, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 18757 Burbank Boulevard, Suite 305, Tarzana, California 91356-6329.

On June 10, 2013, I served a copy of the following document(s):

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

on the parties in said action, as follows:

Joel W. Baruch, Esq.                          *Attorney for Plaintiff*
Nikki Fermin
Law Office of Joel W. Baruch, Pc
2020 Main Street, Suite 900
Irvine, CA 92614

☒ **ELECTRONIC TRANSMISSION**: I filed the foregoing document with the Clerk for the U.S. Bankruptcy Court, Eastern District of California using the Electronic Case Filing ("ECF") system with the Court. The attorneys listed have consented to receive service by electronic means and are registered with the Court's ECF system and were served a "Notice of Electronic Filing" sent by the ECF system.

☒ **FEDERAL COURT**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 10, 2013, at Tarzana, California.

*/s/ Jolyn Strickler*
Jolyn Strickler

Law Offices of Hausman & Sosa, LLP
18757 Burbank Boulevard, Suite 305
Tarzana, California 91356-6329
Telephone (818) 654-9000
Facsimile (818) 654-9050

(COLA:WHITE-FED\Pldg\MTD-Reply)                          REPLY IN SUPPORT OF MOTION TO DISMISS